UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDWARD A. PERUTA,  :
    Plaintiff,  :
      :    No. 3:16-CV-02112 (VLB)
v.  :
      :
UNITED STATES OF AMERICA,  :    FEBRUARY 21, 2018
    Defendant.  :

**MEMORANDUM OF DECISION ON MOTION TO DISMISS [DKT. 14]**

This action is related to the alleged failure of the Department of Veterans Affairs ("VA") to reinstate the fee basis services card for Plaintiff Edward Peruta ("Plaintiff" or "Peruta"). The United States of America ("Defendant" or "United States") has been substituted as the proper Defendant in this action. *See* [Dkt. 10 (Order Substitution)]. Before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Plaintiff does not dispute that his vicarious liability claim is moot now that the United States is the substituted Defendant; nor does Plaintiff challenge dismissal of his claim for violation of procedural due process under the Fourteenth Amendment relating to the VA's failure to provide notice and a hearing prior to the termination of fee basis status. Accordingly, only the tort claims for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress (Counts I, IV, and V, respectively)

1

remain. For the foregoing reasons, the Court GRANTS the motion for lack of subject matter jurisdiction.

I. <u>Facts</u>

The following facts derive from the Complaint and documents submitted by the parties as they relate to subject matter jurisdiction.

Plaintiff Edward A. Peruta ("Plaintiff" or "Peruta") is a veteran of the United States Marine Corps who served from August 31, 1966 through August 27, 1969. [Dkt. 1 (Compl.) ¶ 18]. As of the filing of the Complaint, Peruta had a 38-year history of contact with the Department of Veterans Affairs ("VA"). *Id.* ¶ 9. In 1985, he was determined to have a 100% service-connected permanent disability for Post-Traumatic Stress Disorder ("PTSD") and he was subsequently authorized for fee basis services on October 1, 1986. *See id.* ¶¶ 19, 39. Peruta's fee basis card was deemed to apply to all medical conditions in 1990. *See id.* ¶ 103.

The Complaint indicates Peruta used his fee basis card until October 2009 when his fee basis status was terminated and/or lapsed. *See id.* ¶¶ 168, 174-76. Peruta appealed his loss of fee basis status. *See id.* ¶ 168. On April 4, 2014, the Board of Veterans' Appeals concluded "[t]he October 15, 2009, denial of eligibility for a fee basis medical identification card was improper," and ordered his entitlement to a fee basis card be restored. *See id.* ¶¶ 168-69. The restoration took effect July 18, 2014. *See id.* ¶ 172.

In June 2015, Peruta received approval for equitable relief in the form of reimbursements for (1) United Healthcare's costs during the period of

October 15, 2009, through April 14, 2014; (2) Peruta's out-of-pocket costs during the same period; (3) attorney's fees; and (4) the costs of future claims falling within the scope of the Board's order. *Id.* ¶ 178; [Dkt. 14-4 (Mot. Dismiss Ex. B, Mem. 7/2/15) at 4 of PDF]. Peruta's fee basis status was terminated and/or lapsed due to administrative error. [Dkt. 14-4 at 3 of PDF].

On February 28, 2015, Peruta filed before the VA a negligence claim for damages against VA physicians, providers, and administrators for allowing his fee basis status to lapse "without a medical justification or notice to [him]." [Dkt. 30-5 (Form 95 2/25/15)]; *see* [Dkt. 1 ¶ 179]. On March 20, 2015, the VA issued a letter to Attorney Rachel M. Baird, Peruta's counsel, acknowledging receipt of the claim ten days prior. *See* [Dkt. 1 ¶ 180; Dkt. 30-7 (VA Letter 3/20/15)]. The VA denied Peruta's claim on August 27, 2015, for failure to present the claim within the requisite two-year time period after the claim accrued. *See* [Dkt. 30-7 at 4 of PDF]. The Complaint and associated documents indicate neither Peruta nor Attorney Baird received notice of the denial until June 22, 2016, when the VA faxed Attorney Baird the notice in response to Attorney Baird's inquiry about the status of the case. *See* [Dkt. 1 ¶ 181-82; Dkt. 30-7]. The VA did not send Peruta or Attorney Baird a tracking number for the certified mail. *See* [Dkt. 1 ¶¶ 184, 188].

II. <u>Legal Standard</u>

"Federal courts are courts of limited jurisdiction. . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Subject matter jurisdiction is not waivable, and a lack of subject matter jurisdiction may be raised at any time, by a party or the court *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy."). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

A "district court must take all uncontroverted facts in the complaint [ ] as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings. . . ." *Id*. "In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

III. <u>Analysis</u>

Defendants move to dismiss Counts I, IV, and V for lack of subject matter jurisdiction on two grounds: (1) that the violations of the VA regulations are not actionable under the FTCA, and (2) the claims are time-

barred by the FTCA statute of limitations. Defendant also argues the Complaint fails to state a claim upon which each of the three torts may be granted. The Court will address the subject matter jurisdiction issues are they are dispositive of this case.

### A. *Private Action*

As sovereign, the United States is immune from suit except when it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016). The FTCA waives sovereign immunity

> for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The "private citizen" language means that liability only arises under the FTCA if the plaintiff's cause of action is "comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred"—i.e. there is a "private analog" under state law—and the plaintiff can establish the necessary elements of the cause of action under state law. *McGowan*, 825 F.3d at 125 (internal quotation marks omitted); *Figueroa v. United States*, 739 F. Supp. 2d 138, 140 (E.D.N.Y. 2010).

"The FTCA does not extend to conduct governed exclusively by federal law or to conduct of a governmental nature or function that has no

analogous liability in the law of torts." *Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir. 1988). Put another way, violations of the Federal Constitution and federal statutes or regulations, when standing alone, do not confer liability under the "law of the place" as is required under the FTCA. *Chen v. United States*, 854 F.2d 622, 626 (2d Cir. 1988); *Figueroa*, 739 F. Supp. 2d at 141 ("no private analog is necessarily stated, for example, where the FTCA claim is based only upon an alleged failure to enforce a Federal statute or government regulation."). Courts have held that a plaintiff whose tort claim is based solely on the agency's failure to follow its own regulations is not actionable under the FTCA. *See Chen*, 854 F.2d at 626-27 ("None of the New York cases cited by Chen, and no case we have discovered, recognizes a cause of action in tort for an association's violation of its own rules."); *McGowan*, 825 F.3d at 127 ("McGowan's claim, like Chen's, is grounded solely on the government's failure to follow applicable regulations."); *Figueroa v. United States*, 739 F. Supp. 2d at 140 (using as an example of a "comparable private analog" a situation in which "a government employee fails to maintain a safe path of travel at a federal facility").

Plaintiff has not carried his burden to establish that a "private analog" exists under state law regarding the VA's alleged failure to properly administer its fee basis status. Plaintiff's cites two state court cases addressing workers' compensation benefits, which together stand for the proposition that tort claims for bad faith and negligent processing of

6

workers compensation benefits are barred by Conn. Gen. Stat. § 31-284(a)[1].
*See Almada v. Wausau Bus. Ins. Co.*, 274 Conn. 449, 457 (2005); *DeOliviera v. Liberty Mut. Ins. Co.*, 273 Conn. 487, 503 (2005). The essence of Plaintiff's argument is that the limitation on tort claim liability in these workers' compensation dispute means that a tort claim for a *different* type of benefits-related case—such as the tort claim in this case—is actionable. This leap in logic does not persuade the Court or satisfy his burden to prove subject matter jurisdiction by a preponderance of the evidence.

The regulations governing VA benefits are decidedly within the realm of federal law. Section 511 of Title 38 of the United States Code confers on the Secretary of the VA the obligation to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the

---

[1] Section 31-284(a) states:
> An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation.

Conn. Gen. Stat. § 31-284(a).

7

provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." This provision extends to decisions on fee basis status. *See Prentice v. United States*, 980 F. Supp. 2d 748, 751 (N.D. Tex. 2013), *abrogated on other grounds by Passmore v. Baylor Health Care Sys.*, 823 F.3d 292 (5th Cir. 2016); *see generally Dorking Genetics v. United States*, 76 F.3d 1261, 1266 (2d Cir. 1996) ("Indeed, it is hard to imagine how state law could recognize a duty of a private person to stop international commercial transactions, the regulation of which is reserved exclusively to the federal government.").

The Court finds instructive *Akutowicz*, 859 F.2d at 1125-26, which addressed the Department of State's revocation of plaintiff's citizenship. The Second Circuit recognized that quasi-legislative and quasi-adjudicative actions by an agency of the federal government are the type of actions for which a private person cannot be held liable. *Id.* at 1125. In applying this principle to the facts, the Second Circuit stated,

> We think it clear, however, that the withdrawal of a person's citizenship constitutes a quasi-adjudicative action for which no private analog exists. Significantly, neither party has raised the issue whether, nor are we convinced that, any analogous private cause of action exists. Even if we were willing to analogize the relationship between the government and its citizens with that between a private association and its individual members, we would be hardpressed to find "a cause of action *in tort*" for alleged misconduct by the association, *Chen*, 854 F.2d at 627 (see also cases cited therein).

*Id.* at 1125-26. Like the Department of State in *Akutowicz*, the Secretary of the VA was tasked with implementing VA benefits, including fee basis status. There is no basis to conclude the lapsing of Plaintiff's fee basis

status is an issue actionable under state law. Accordingly, Plaintiff fails to sufficiently allege Defendant has waived sovereign immunity under 28 U.S.C. § 1346(b)(1); *see Storms v. United States*, No. 13-CV-811 (MKB), 2015 WL 1196592, at *18 (E.D.N.Y. Mar. 16, 2015) ("If there is no private analogue, the FTCA claim shall be dismissed."). Therefore, Counts I, IV, and V must be dismissed for failure to establish subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    B. *Failure to Timely Exhaust Remedies*

Assuming, *arguendo*, that Plaintiff satisfied his burden with respect to sovereign immunity, his tort claims are nonetheless time-barred. Section 2401(b) of Title 28 of the United States Code bars a claimant from bringing an FTCA claim "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. 2401(b). This provision is interpreted to mean that a plaintiff must bring the claim before the administrative agency within two years of the date of accrual and then must file the action before the federal court within six months of receiving the administrative agency's final denial of the claim. *See Mathirampuzha v. Potter*, 548 F.3d 70, 84 n.15 (2d Cir. 2008) ("The statute of limitations under the FTCA is two years."); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) ("A claim made under the FTCA must be made to the appropriate federal agency within two years

of the date the claim accrued."); *see also Willis v. United States*, 719 F.2d 608, 613 (2d Cir. 1983) ("Moreover, there is good reason for Congress to wish that such a claim be presented as soon as is possible with fairness to the claimant; if the claim has been filed and the agency has acted so promptly that suit can be instituted before two years after the accident, common sense and expediency would require this.").

The Court must first determine when Plaintiff's claim began to accrue, as it is the starting point for the statute of limitations analysis. Federal law controls the accrual date for an FTCA claim. *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 139 (2d Cir. 2011). A claim typically accrues "at the time of injury," but when a reasonable plaintiff would have difficulty discovering "the fact or cause of injury" the diligence-discovery exception applies and accrual begins "when, with reasonable diligence, the plaintiff has or . . . should have discovered the critical facts of both his injury and its cause." *Id.* at 140 (internal quotation marks omitted). The Complaint alleges Plaintiff became aware that his fee basis status lapsed in the spring of 2010. *See* [Dkt. 1 ¶ 204]. Defendant contends this is the period during which his claim began to accrue, and Plaintiff does not challenge this position. A "spring of 2010" accrual date presupposes the diligence-discovery rule applies, because Plaintiff lost his fee basis status on October 15, 2009. Nonetheless, the Court will adopt this consented-to date for the purposes of this analysis.

It is undisputed that Plaintiff filed his claim with the VA on February 28, 2015, of which he claimed VA physicians, providers, and administrators acted negligently in allowing his fee basis status to lapse without a medical justification or notice. *See* [Dkt. 30 (Opp'n) at 11; Dkt. 30-5 at 1-6 of PDF; Dkt. 31 (Reply) at 1]. Therefore, the claim is clearly time-barred, because Plaintiff was required to file an administrative claim by the spring of 2012.

Peruta posits that he continued to experience "the distress from the processing of his non-VA medical/fee basis medical," although he does not otherwise argue that equitable tolling applies. *See* [Dkt. 30 at 11]. Under the doctrine of equitable tolling, a plaintiff bears the burden to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017); *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (same). Equitable tolling is a "drastic remedy applicable only in 'rare and exceptional circumstance[s],'" and Plaintiff fails to address either element or demonstrate it applies here. *See Castillo*, 656 F.3d at 144 (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). Therefore, the Court holds equitable tolling does not apply and his claims are time-barred.

IV. <u>Conclusion</u>

For the aforementioned reasons, this case is DISMISSED for lack of subject matter jurisdiction. The Clerk is directed to close this case.

          **IT IS SO ORDERED**
          _____/s/_____
          **Hon. Vanessa L. Bryant**
          **United States District Judge**

**Dated at Hartford, Connecticut: February 21, 2018**